UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

SCOTT CANFIELD and CAREN KELLER,

                         Plaintiffs,                      **NOTICE OF REMOVAL**

         -against-                          KUNTZ, J.

WARNER BROS. ENTERTAINMENT INC. and
NEW LINE PRODUCTIONS, INC.,

                         Defendants.
--------------------------------------------------------------------------X

       The defendants, WARNER BROS. ENTERTAINMENT INC. and NEW LINE PRODUCTIONS, INC., remove this action from the Supreme Court, Queens County to the United States District Court for the Eastern District of New York.

       1.    The plaintiff commenced this action against WARNER BROS. ENTERTAINMENT INC. and NEW LINE PRODUCTIONS, INC. in the Supreme Court of the State of New York, Queens County.  A copy of the complaint is attached as **Exhibit A.**

       2.    The plaintiffs are citizens of the State of New York and were citizens of the State of New York when this action was started in state court.

       3.    The defendants are citizens of a state other than the State of New York and were citizens of a state other than the State of New York when this action was started in state court.

       a).    Warner Bros. Entertainment Inc. is (and was) a corporation incorporated in the State of Delaware with its principal place in business in Burbank, California.

       b).    New Line Productions, Inc. is (and was) a corporation incorporated in the State of Delaware with its principal place of business in Los Angels, California.

4.     The plaintiffs seek damages of more than $75,000 and sought damages of more than $75,000 when this action was started in state court.

5.     This court has subject-matter jurisdiction over this action under section 1332(a)(1) of the Judicial Code, 28 U.S.C. § 1332(a)(1), because this action—both now and when it was started—is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.     The defendants may, under section 1441(a) of the Judicial Code, 28 U.S.C. § 1441(a), remove this action to this court because this is a civil action of which the District Courts of the United States have original jurisdiction that is brought in a state court.

7.     All defendants join in the removal of this action to this court.

Dated: New York, New York
       July 18, 2014

_____

Robert A. Fitch. (RF2198)
RAWLE & HENDERSON, LLP
Attorneys for Defendants
**WARNER BROS. ENTERTAINMENT INC. and
NEW LINE PRODUCTIONS, INC.**
14 Wall Street, 27TH Floor
New York, New York 10005-2101
(212) 323-7070
**Our File No.: 802947**

7514226-1

To:   GERSOWITZ LIBO & KOREK, P.C.
      Attorneys for Plaintiffs
      111 Broadway, 12th Floor
      New York, New York 10006
      (212) 385-4410

FILED: QUEENS COUNTY CLERK 02/07/2014

NYSCEF DOC. NO. 1

INDEX NO. 700888/2014
RECEIVED NYSCEF: 02/07/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
SCOTT CANFIELD and CAREN KELLER,

           Plaintiffs,

   -against-

WARNER BROS. ENTERTAINMENT INC. and
NEW LINE PRODUCTIONS, INC.

           Defendants.
------------------------------------------------------------------X

Index No.: 700888/14
Date Filed: 02/07/14

Plaintiffs designate Queens
County as the place of Trial

**SUMMONS**

The basis of venue is
Plaintiffs' residence

Plaintiffs reside at:
47-60 39th Place, #1A
Sunnyside, New York 11104

To the above named Defendants:

  YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
    February 6, 2014

Edward H. Gersowitz
GERSOWITZ LIBO & KOREK, P.C.
Attorneys for Plaintiffs
111 Broadway, 12th Floor
New York, New York 10006
212-385-4410

Defendants' Addresses:
Warner Bros. Entertainment Inc.
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

New Line Productions, Inc.
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
SCOTT CANFIELD and CAREN KELLER,

               Plaintiffs,

      -against-

WARNER BROS. ENTERTAINMENT INC. and
NEW LINE PRODUCTIONS, INC.,

             Defendants.
-----------------------------------------------------------------X

Index No.: 700888/2014

Date Filed: February 7, 2014

**VERIFIED COMPLAINT**

Plaintiffs, SCOTT CANFIELD and CAREN KELLER, by their attorneys, GERSOWITZ

LIBO & KOREK, P.C., as and for their Verified Complaint allege, upon information and belief,

the following:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS SCOTT CANFIELD AND CAREN KELLER

1.     That at all times herein mentioned, Plaintiffs, SCOTT CANFIELD and CAREN

KELLER were and still are residents of the County of Queens, City and State of New York.

2.     That at all times herein mentioned, Defendant, WARNER BROS.

ENTERTAINMENT INC. was and still is a domestic corporation duly organized and existing by

virtue of the laws of the State of New York.

3.     That at all times herein mentioned, Defendant, WARNER BROS.

ENTERTAINMENT INC. was and still is a foreign corporation duly authorized to do business

within the State of New York.

4.     That at all times herein mentioned, Defendant, WARNER BROS.

ENTERTAINMENT INC. transacts business within the State of New York.

1

5.      That at all times herein mentioned, Defendant, WARNER BROS. ENTERTAINMENT INC. contracts anywhere to supply goods and services in in the State of New York.

6.      That at all times herein mentioned, Defendant, WARNER BROS. ENTERTAINMENT INC. committed a tortious act(s) within the State of New York.

7.      That at all times herein mentioned, Defendant, WARNER BROS. ENTERTAINMENT INC. committed a tortious act(s) without the State of New York and regularly does or solicits business, or engages in persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the State of New York.

8.      That at all times herein mentioned, Defendant, WARNER BROS. ENTERTAINMENT INC. expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

9.      That at all times herein mentioned, Defendant, WARNER BROS. ENTERTAINMENT INC. owns, uses or possesses real property situated within the State.

10.     That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. was and still is a domestic corporation duly organized and existing by virtue of the laws of the State of New York.

11.     That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. was and still is a foreign corporation duly authorized to do business within the State of New York.

2

12. That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. transacts business within the State of New York.

13. That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. contracts anywhere to supply goods and services in in the State of New York.

14. That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. committed a tortious act(s) within the State of New York.

15. That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. committed a tortious act(s) without the State of New York and regularly does or solicits business, or engages in persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the State of New York.

16. That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

17. That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. owns, uses or possesses real property situated within the State.

18. That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. was a subsidiary of Defendant, WARNER BROS. ENTERTAINMENT INC.

19. That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. was an agent or servant of Defendant, WARNER BROS. ENTERTAINMENT INC.

3

20.    That at all times herein mentioned, Defendant, WARNER BROS. ENTERTAINMENT INC. had a lease and/or premises or location agreement with a third party, FORMAN JAY LLC.

21.    That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. had a lease and/or premises or location agreement with a third party, FORMAN JAY LLC.

22.    That at all times herein mentioned, Defendant, WARNER BROS. ENTERTAINMENT INC. leased a portion of the building and premises known as 51 Jay Street, Brooklyn, New York from FORMAN JAY LLC.

23.    That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. leased a portion of the building and premises known as 51 Jay Street, Brooklyn, New York from FORMAN JAY LLC.

24.    That at all times herein mentioned, FORMAN JAY LLC leased a portion of the aforementioned building and premises to Defendant, WARNER BROS. ENTERTAINMENT INC. for use as a set for a motion picture.

25.    That at all times herein mentioned, FORMAN JAY LLC leased a portion of the aforementioned building and premises to Defendant, NEW LINE PRODUCTIONS, INC. for use as a set for a motion picture.

26.    That at all times herein mentioned, FORMAN JAY LLC leased a portion of the aforementioned building and premises to Defendant, WARNER BROS. ENTERTAINMENT INC. for the creation of a motion picture set.

4

27. That at all times herein mentioned, FORMAN JAY LLC leased a portion of the aforementioned building and premises to Defendant, NEW LINE PRODUCTIONS, INC. for the creation of a motion picture set.

28. That at all times herein mentioned, FORMAN JAY LLC leased a portion of the aforementioned building and premises to Defendant, WARNER BROS. ENTERTAINMENT INC. for the construction and erection of a motion picture set.

29. That at all times herein mentioned, FORMAN JAY LLC leased a portion of the aforementioned building and premises to Defendant, NEW LINE PRODUCTIONS, INC. for the construction and erection of a motion picture set.

30. That at all times herein mentioned, Defendant FORMAN JAY LLC leased a portion of the aforementioned building and premises to Defendant, WARNER BROS. ENTERTAINMENT INC. for creation of a motion picture set which included the construction, alteration and/or erection of a building or structure; to wit, a tiki hut.

31. That at all times herein mentioned, Defendant FORMAN JAY LLC leased a portion of the aforementioned building and premises to Defendant, NEW LINE PRODUCTIONS, INC. for creation of a motion picture set which included the construction, alteration and/or erection of a building or structure; to wit, a tiki hut.

32. That at all times herein mentioned, there existed a certain forklift at the aforementioned building and premises.

33. That at all times herein mentioned, there existed a certain platform or pallet at the aforementioned building and premises.

5

34.     That at all times herein mentioned, the aforementioned platform or pallet was attached to the aforementioned forklift.

35.     That at all times herein mentioned, the aforementioned forklift was used in the construction, alteration and/or erection of a motion picture set, including a tiki hut.

36.     That at all times herein mentioned, the aforementioned platform or pallet was used in the construction, alteration and/or erection of a motion picture set, including a tiki hut.

37.     That at all times herein mentioned, the aforementioned forklift and platform or pallet were used to elevate workers who were engaged in the construction, alteration and/or erection of a motion picture set.

38.     That at all times herein mentioned, the aforementioned forklift was used to elevate workers who were engaged in the construction, alteration, erection or otherwise protected work of a motion picture set at a physically significant elevation differential.

39.     That at all times herein mentioned, Defendant, WARNER BROS. ENTERTAINMENT INC. leased the aforementioned forklift.

40.     That at all times herein mentioned, Defendant, WARNER BROS. ENTERTAINMENT INC. managed the aforementioned forklift.

41.     That at all times herein mentioned, Defendant, WARNER BROS. ENTERTAINMENT INC. maintained the aforementioned forklift.

42.     That at all times herein mentioned, Defendant, WARNER BROS. ENTERTAINMENT INC. supplied the aforementioned forklift.

6

43.    That at all times herein mentioned, Defendant, WARNER BROS. ENTERTAINMENT INC. provided the aforementioned forklift.

44.    That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. leased the aforementioned forklift.

45.    That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. managed the aforementioned forklift.

46.    That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. maintained the aforementioned forklift.

47.    That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. supplied the aforementioned forklift.

48.    That at all times herein mentioned, Defendant, NEW LINE PRODUCTIONS, INC. provided the aforementioned forklift.

49.    That at all times herein mentioned, Defendants provided the aforementioned forklift for use by laborers at said premises, including Plaintiff, SCOTT CANFIELD.

50.    That at all times herein mentioned, Defendants owned the aforementioned platform or pallet.

51.    That at all times herein mentioned, Defendants stored the aforementioned platform or pallet.

52.    That at all times herein mentioned, Defendants maintained the aforementioned platform or pallet.

7

53.     That at all times herein mentioned, Defendants managed the aforementioned platform or pallet.

54.     That at all times herein mentioned, Defendants controlled the aforementioned platform or pallet.

55.     That at all times herein mentioned, Defendants provided the aforementioned platform or pallet.

56.     That at all times herein mentioned, Defendants provided the aforementioned platform or pallet for use by laborers at said premises, including Plaintiff, SCOTT CANFIELD.

57.     That at all times herein mentioned, Defendants, their agents, servants and/or employees caused to be provided the aforementioned platform or pallet for use by laborers at said premises, including Plaintiff, SCOTT CANFIELD.

58.     That at all times herein mentioned, Defendants had a non-delegable duty to provide reasonable and adequate protection and safety equipment to individuals working at the aforementioned building and premises, including Plaintiff, SCOTT CANFIELD.

59.     That at all times herein mentioned, Defendants had a non-delegable duty to provide proper protection to those involved in the operation and/or use of the aforedescribed forklift, platform or pallet during the erection of a building or structure.

60.     That at all times herein mentioned, Defendants had a non-delegable duty to provide proper protection to those involved in the operation and/or use of the aforedescribed forklift, platform or pallet during the alteration of a building or structure.

8

61.   That at all times herein mentioned, Defendants had a non-delegable duty to provide proper protection to those involved in the operation and/or use of the aforedescribed forklift, platform or pallet during the construction of a building or structure.

62.   That at all times herein mentioned, Defendants had a non-delegable duty to provide proper protection to those involved in the erection of a structure at a physically significant elevation differential.

63.   That at all times herein mentioned, Defendants had a non-delegable duty to provide proper protection to those involved in the alteration of a structure at a physically significant elevation differential.

64.   That at all times herein mentioned, Defendants had a non-delegable duty to provide proper protection to those involved in the construction of a structure at a physically significant elevation differential.

65.   That on February 8, 2011, at approximately 3:00 p.m., Plaintiff, SCOTT CANFIELD was in and about Defendants' aforementioned building and premises.

66.   That at the aforementioned place and time and on the aforementioned date, Plaintiff, SCOTT CANFIELD was a laborer on the set of a motion picture entitled "New Year's Eve."

67.   That at the aforementioned place and time and on the aforementioned date, Plaintiff, SCOTT CANFIELD was engaged in the construction, or otherwise protected work, of a building or structure.

9

68.     That at the aforementioned place and time and on the aforementioned date, Plaintiff, SCOTT CANFIELD was engaged in the erection, or otherwise protected work, of a building or structure.

69.     That at the aforementioned place and time and on the aforementioned date, Plaintiff, SCOTT CANFIELD was engaged in the alteration, or otherwise protected work, of a building or structure.

70.     That at the aforementioned place and time and on the aforementioned date, a platform or pallet was attached to the aforedescribed forklift.

71.     That at the aforementioned place and time and on the aforementioned date, the aforedescribed forklift elevated the platform or pallet to a physically significant elevation differential.

72.     That at the aforementioned place and time and on the aforementioned date, Plaintiff, SCOTT CANFIELD was situated on and about the aforedescribed platform or pallet which was attached to the aforedescribed forklift at a physically significant elevation differential.

73.     That at the aforementioned place and time and on the aforementioned date, Plaintiff, SCOTT CANFIELD was situated on and about the aforedescribed platform or pallet which was attached to the aforedescribed forklift at a physically significant elevation differential while he was engaged in the erection of a building or structure.

74.     That at the aforementioned place and time and on the aforementioned date, Plaintiff, SCOTT CANFIELD was situated on and about the aforedescribed platform or pallet which was attached to the aforedescribed forklift at a physically significant elevation differential while he was engaged in the alteration of a building or structure.

10

75.     That at the aforementioned place and time and on the aforementioned date, Plaintiff, SCOTT CANFIELD was situated on and about the aforedescribed platform or pallet which was attached to the aforedescribed forklift at a physically significant elevation differential while he was engaged in the construction of a building or structure.

76.     That at the aforementioned place and time and on the aforementioned date, the platform or pallet failed while Plaintiff, SCOTT CANFIELD was performing his labor or otherwise protected work at a physically significant elevation differential.

77.     That at the aforementioned place and time and on the aforementioned date, Plaintiff, SCOTT CANFIELD was caused to fall from the aforementioned platform or pallet from a physically significant elevation differential.

78.     That at the aforementioned place and time and on the aforementioned date, the failure of the platform or pallet attached to the forklift was a forseeable risk of the labor or otherwise protected work performed by Plaintiff, SCOTT CANFIELD.

79.     That the labor or otherwise protected work performed by Plaintiff, SCOTT CANFIELD created the need for protective safety devices and a safe place to work.

80.     That Defendants failed and neglected to provide proper protection and/or safety devices to Plaintiff, SCOTT CANFIELD during the course of his labor or otherwise protected work which was performed at an physically significant elevation differential.

81.     That the Plaintiff, SCOTT CANFIELD, was caused to fall due to the failure of the Defendants to provide proper protection and/or safety devices to Plaintiff during the course of his labor or otherwise protected work which was performed at an physically significant elevation differential.

11

82.     That Plaintiff's aforedescribed fall was caused by, and due to, the negligence, recklessness and carelessness of Defendants in their ownership, management, maintenance and/or control of the aforementioned building and premises and their appurtenances including the forklift and/or platform or pallet from which Plaintiff was caused to fall while performing his labor or otherwise protected work.

83.     That Defendants are absolutely liable for the injuries and damages arising from Plaintiff's fall.

84.     That the negligence, recklessness and carelessness of Defendants herein, their agents, servants, employees and/or contractees consisted of the following: in failing to furnish Plaintiff, SCOTT CANFIELD, with a safe place to work; in failing to furnish or erect for Plaintiff, SCOTT CANFIELD, or cause to be furnished or erected for Plaintiff, SCOTT CANFIELD, a safe and proper worksite; in failing to provide proper protection to Plaintiff SCOTT CANFIELD during the course of his labor or otherwise protected work; in furnishing a defective, dangerous, unsafe and hazardous platform and/or pallet for the use by Plaintiff, SCOTT CANFIELD, in the performance of his labor or otherwise protected work; in failing to furnish, place, operate and/or supply appropriate protective safety devices for Plaintiff, SCOTT CANFIELD in the performance of his labor or otherwise protected work at an elevated height; in failing to comply with applicable statutory and regulatory requirements intended to provide reasonable and adequate protection and safety to persons employed at and/or working at the aforementioned premises, including, but not limited to, Defendants' violation of Labor Law §240(1); in failing to provide, furnish or erect, or cause to be furnished or erected for the performance of Plaintiff's labor or otherwise protected work such safety devices including, but not limited to, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons,

12

ropes, and other devices which otherwise would have provided proper protection to Plaintiff, SCOTT CANFIELD during the course of his labor or otherwise protected work; in failing to provide adequate safety devices including, but not limited to, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices for the performance of Plaintiff's labor or otherwise protected work at an elevated height; in causing to be utilized a forklift that was unfit and ill-suited for its intended purpose, i.e. elevating the person of Plaintiff, SCOTT CANFIELD; in causing to be utilized a platform/pallet that was unfit and ill-suited for its intended purpose; and in failing to provide proper protection during the performance of Plaintiff's labor or otherwise protected work.

Additionally, Defendants herein were wantonly, willfully and grossly negligent in the premises.

85.     That the aforementioned occurrence was caused solely by the actions, inactions and negligence of Defendants, their agents, servants, employees and/or contractees, without any negligence on the part of Plaintiff, SCOTT CANFIELD, contributing thereto.

86.     That solely by reason of the negligence, recklessness, carelessness and liability of Defendants, their agents, servants and/or employees, Plaintiff, SCOTT CANFIELD became sick, sore, lame, bruised, disabled, received serious injuries in and about diverse parts of his person, including, but not limited to, traumatic brain injury and its sequellae and experienced great pain and suffering and psychological injuries and he suffered and still suffers from said injuries, and Plaintiff has been informed and verily believes said injuries to be of a permanent nature, and Plaintiff was incapacitated and will continue to be incapacitated for a long period of time, and Plaintiff was, and still is, prevented from attending to his usual duties and occupation, and Plaintiff was compelled to seek hospitalization and medical aid, treatment, therapies, rehabilitation and attention and will

13

require further medical aid, treatment, therapies, rehabilitation and attention in the future, and further, Plaintiff was caused to and did expend diverse sums of money in an effort to be cured and will in the future be caused to incur additional expenses for such medical treatment and other aid and has sustained and will in the future sustain loss of wages and, in other ways, Plaintiff sustained loss of diverse sums of money. Further, Plaintiff, SCOTT CANFIELD sustained a "grave injury" within the applicable definition of the appropriate law.

87.     That the within action falls within one or more of the exceptions set forth in N.Y. C.P.L.R. §1602, including N.Y. C.P.L.R. §1602(7), N.Y. C.P.L.R. §1602(8), and N.Y. C.P.L.R. §1602(11).

88.     That solely by reason of the foregoing, Plaintiffs have been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS SCOTT CANFIELD AND CAREN KELLER

89.     Plaintiffs repeat and reiterate each and every allegation of the within Complaint as contained in foregoing paragraphs enumerated "1" through "88" inclusive, with the same force and effect as if more fully set forth herein at length.

90.     That Defendants are statutorily liable to Plaintiffs due to the aforementioned acts of negligence, recklessness, and carelessness, as well as by reason of Defendants' further failure in not having complied with applicable statutory and regulatory requirements intended to provide reasonable and adequate protection and safety to persons employed at and/or working at the aforementioned premises, including Defendants' violations of Labor Law §241(6) and the applicable provisions of the Industrial Code of the State of New York, including, but not limited

14

to, Industrial Code Part 23, specifically 12 N.Y.C.R.R. § 23-1.16, and/or other statutes and/or regulations. Additionally, Defendants herein were wantonly, willfully and grossly negligent in the premises.

91.    That at the aforementioned time and place and on the aforementioned date, Plaintiff, SCOTT CANFIELD was engaged in construction or otherwise protected work.

92.    That solely by reason of the negligence, recklessness and carelessness of Defendants, their agents, servants and/or employees, Plaintiff, SCOTT CANFIELD became sick, sore, lame, bruised, disabled, received serious injuries in and about diverse parts of his person, including, but not limited to, traumatic brain injury and its sequellae and experienced great pain and suffering and psychological injuries and he suffered and still suffers from said injuries, and Plaintiff has been informed and verily believes said injuries to be of a permanent nature, and Plaintiff was incapacitated and will continue to be incapacitated for a long period of time, and Plaintiff was, and still is, prevented from attending to his usual duties and occupation, and Plaintiff was compelled to seek hospitalization and medical aid, treatment, therapies, rehabilitation and attention and will require further medical aid, treatment, therapies, rehabilitation and attention in the future, and further, Plaintiff was caused to and did expend diverse sums of money in an effort to be cured and will in the future be caused to incur additional expenses for such medical treatment and other aid and has sustained and will in the future sustain loss of wages and, in other ways, Plaintiff sustained loss of diverse sums of money. Further, Plaintiff, SCOTT CANFIELD sustained a "grave injury" within the applicable definition of the appropriate law.

93.    That the within action falls within one or more of the exceptions set forth in N.Y. C.P.L.R. §1602, including N.Y. C.P.L.R. §1602(7), N.Y. C.P.L.R. §1602(8), and N.Y. C.P.L.R. §1602(11).

94.     That solely by reason of the foregoing, Plaintiffs have been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF
OF PLAINTIFFS SCOTT CANFIELD AND CAREN KELLER

95.     Plaintiffs repeat and reiterate each and every allegation of the within Complaint as contained in foregoing paragraphs enumerated "1" through "88" and "89" through "94" inclusive, with the same force and effect as if more fully set out herein at length.

96.     That Defendants possessed control and authority over the aforementioned premises and all work and labor performed therein.

97.     That the negligence, recklessness, and carelessness of Defendants, their agents, servants, employees and/or contractees consisted of those failures, omissions, and affirmative acts as aforementioned and also consisted of said Defendants' failure to remedy the hazards and dangers posed by the aforedescribed premises; failure to remedy the hazards and dangers posed by the aforedescribed elevated worksite; failure to remedy the hazards and dangers posed by the aforementioned use of a forklift and/or platform/pallet device; failure to remedy the hazards and dangers posed by the aforementioned worksite and means; lack of care and safety devices causing the Plaintiff to fall; lack of care and neglect that permitted the aforementioned workplace to become unsafe for the work to be performed by Plaintiff; modification of the aforementioned worksite and/or forklift and/or platform and pallet so as to render same unsafe for the labor and otherwise protected work to be performed by Plaintiff; failure to warn Plaintiff of the dangers and hazards inherent in use of the aforementioned forklift and/or platform/pallet as supplied and/or furnished by Defendants; failure to install and/or provide adequate safeguards to ensure

16

that persons on the premises, such as Plaintiff, would be afforded reasonable and adequate

protections in the performance of his labors; failure to seek professional assistance and guidance

regarding the renovations, alterations, and construction as aforementioned from a suitable

professional, including but not limited to an architect and/or an engineer; failure to properly train

Plaintiff with respect to work to be performed by him and the manner in which to perform his

work safely; failure to supervise Plaintiff's work-related duties at the time of the occurrence

complained of; and in other manners, ways and respects, Defendants herein, their agents,

servants, employees and/or contractees were negligent, reckless and careless in the premises.

Additionally, Defendants herein were wantonly, willfully and grossly negligent in the premises.

98.     That solely by reason of the negligence, recklessness and carelessness of

Defendants, their agents, servants and/or employees, Plaintiff, SCOTT CANFIELD became sick,

sore, lame, bruised, disabled, received serious injuries in and about diverse parts of his person,

including, but not limited to, traumatic brain injury and its sequellae and experienced great pain and

suffering and psychological injuries and he suffered and still suffers from said injuries, and Plaintiff

has been informed and verily believes said injuries to be of a permanent nature, and Plaintiff was

incapacitated and will continue to be incapacitated for a long period of time, and Plaintiff was, and

still is, prevented from attending to his usual duties and occupation, and Plaintiff was compelled to

seek hospitalization and medical aid, treatment, therapies, rehabilitation and attention and will

require further medical aid, treatment, therapies, rehabilitation and attention in the future, and

further, Plaintiff was caused to and did expend diverse sums of money in an effort to be cured and

will in the future be caused to incur additional expenses for such medical treatment and other aid

and has sustained and will in the future sustain loss of wages and, in other ways, Plaintiff sustained

17

loss of diverse sums of money. Further, Plaintiff, SCOTT CANFIELD sustained a "grave injury" within the applicable definition of the appropriate law.

99. That the occurrence complained of herein was caused solely by the negligence of the Defendants, their agents, servants, employees and/or contractees, without any negligence on the part of the Plaintiff contributing thereto.

100. That the within action falls within one or more of the exceptions set forth in N.Y. C.P.L.R. §1602, including N.Y. C.P.L.R. §1602(7), N.Y. C.P.L.R. §1602(8), and N.Y. C.P.L.R. §1602(11).

101. That solely by reason of the foregoing, Plaintiffs have been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS SCOTT CANFIELD AND CAREN KELLER

102. Plaintiffs repeat and reiterate each and every allegation of the within Complaint as contained in foregoing paragraphs enumerated "1" through "88" and "89" through "94" and "95 through "101" inclusive, with the same force and effect as if more fully set out herein at length.

103. That Defendants failed to provide reasonable and adequate protection to persons, including Plaintiff, SCOTT CANFIELD, employed at or frequenting the aforementioned premises.

104. That Defendants knew of the hazards and dangers inherent in the work to be performed by Plaintiff, SCOTT CANFIELD, and other workers employed at the aforementioned premises.

18

105. That upon reasonable inspection, Defendants would have discovered the hazards and dangers inherent in the labor to be performed by Plaintiff, SCOTT CANFIELD.

106. That Defendants possessed control and authority over the aforementioned premises and all work and labor performed therein.

107. That Defendants possessed control and authority over the aforementioned premises so as to permit them to alter the scope and manner of the work performed by Plaintiff, SCOTT CANFIELD, so as to avoid the hazards and dangers that ultimately caused injury to him.

108. That Defendants possessed control and authority over the aforementioned premises so as to permit them to alter the scope and manner of the work performed by Plaintiff SCOTT CANFIELD so as to correct the unsafe conditions and hazards and dangers that ultimately caused injury to him.

109. That Defendants possessed control and authority over the aforementioned premises so as to permit them to alter the scope and manner of the work performed by Plaintiff SCOTT CANFIELD so as to modify the unsafe conditions and hazards and dangers that ultimately caused injury to him.

110. That Defendants knew that the aforementioned forklift and/or platform or pallet and the methods employed in their use were unsafe and unfit for their intended use.

111. That upon reasonable inspection, Defendants would have discovered that the aforementioned forklift and/or platform or pallet and the methods employed in their use were unsafe and unfit for their intended use.

19

112.    That Defendants knew that the work to be performed entailed certain dangers and hazards that required the installation and/or use of certain safety precautions so as to provide reasonable and adequate protection to those persons performing the work, including Plaintiff, SCOTT CANFIELD.

113.    That upon reasonable inspection, Defendants would have discovered that the work to be performed entailed certain dangers and hazards that required the installation and/or use of certain safety precautions so as to provide reasonable and adequate protection to those persons performing the work, including Plaintiff, SCOTT CANFIELD.

114.    That in having failed to provide Plaintiff SCOTT CANFIELD with reasonable and adequate protection and a safe place to work and in having failed to properly construct, equip, guard, arrange, operate and conduct the area where Plaintiff was engaged in labor, Defendants are statutorily liable to Plaintiff in having violated the laws, rules and regulations of the State of New York, including, but not limited to, New York State Labor Law §200 and the Industrial Code of the State of New York; and in other manners, ways and respects Defendants herein, their agents, servants, employees and/or contractees were negligent, reckless and careless in the premises. Additionally, Defendants herein were wantonly, willfully and grossly negligent in the premises.

115.    That the negligence, recklessness and carelessness of the Defendants herein, their agents, servants, employees and/or contractees, in addition to those acts alleged previously herein, consisted of the following: in failing to furnish Plaintiff SCOTT CANFIELD with a safe place to work; in failing and neglecting to furnish Plaintiff SCOTT CANFIELD with adequate safety devices; in failing to properly operate, manage and control the aforesaid forklift and/or platform/pallet on said premises; and in other manners, ways and respects, Defendants herein,

20

their agents, servants, employees and/or contractees were negligent, reckless and careless in the premises.

116.    That solely by reason of the negligence, recklessness and carelessness of Defendants, their agents, servants and/or employees, Plaintiff, SCOTT CANFIELD became sick, sore, lame, bruised, disabled, received serious injuries in and about diverse parts of his person, including, but not limited to, traumatic brain injury and its sequellae and experienced great pain and suffering and psychological injuries and he suffered and still suffers from said injuries, and Plaintiff has been informed and verily believes said injuries to be of a permanent nature, and Plaintiff was incapacitated and will continue to be incapacitated for a long period of time, and Plaintiff was, and still is, prevented from attending to his usual duties and occupation, and Plaintiff was compelled to seek hospitalization and medical aid, treatment, therapies, rehabilitation and attention and will require further medical aid, treatment, therapies, rehabilitation and attention in the future, and further, Plaintiff was caused to and did expend diverse sums of money in an effort to be cured and will in the future be caused to incur additional expenses for such medical treatment and other aid and has sustained and will in the future sustain loss of wages and, in other ways, Plaintiff sustained loss of diverse sums of money. Further, Plaintiff, SCOTT CANFIELD sustained a "grave injury" within the applicable definition of the appropriate law.

117.    That the within action falls within one or more of the exceptions set forth in N.Y. C.P.L.R. §1602, including N.Y. C.P.L.R. §1602(7), N.Y. C.P.L.R. §1602(8), N.Y. C.P.L.R. § 1602(11).

118.    That by reason of the foregoing, Plaintiffs have been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction in this matter.

21

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF
### OF PLAINTIFFS SCOTT CANFIELD AND CAREN KELLER

119. Plaintiffs repeat and reiterate each and every allegation of the within Complaint as contained in foregoing paragraphs enumerated "1" through "88" and "89" through "94" and "95" through "101" and "102" through "118" inclusive, with the same force and effect as if more fully set out herein at length.

120. That at all times herein mentioned, Plaintiff, SCOTT CANFIELD was the husband of Plaintiff, CAREN KELLER, and resided with her.

121. That at all times herein mentioned, Plaintiff, CAREN KELLER was entitled to the support, services, society and consortium of her husband, Plaintiff, SCOTT CANFIELD.

122. That solely by reason of the negligence, recklessness, carelessness and absolute liability of the Defendants as aforesaid and the injuries sustained by Plaintiff, SCOTT CANFIELD, Plaintiff, CAREN KELLER has been and remains deprived of the services, support, society and consortium of her husband, SCOTT CANFIELD.

123. That by reason of the foregoing, Plaintiff, CAREN KELLER has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction in this matter.

**WHEREFORE, PLAINTIFFS DEMANDS JUDGMENT AGAINST THE DEFENDANTS:**

**ON THE FIRST CAUSE OF ACTION IN A SUM WHICH EXCEEDS THE JURISDICTIONAL LIMITS OF ALL LOWER COURTS WHICH WOULD OTHERWISE HAVE JURISDICTION, TOGETHER WITH THE COSTS AND DISBURSEMENTS OF THE WITHIN ACTION;**

22

ON THE SECOND CAUSE OF ACTION IN A SUM WHICH EXCEEDS THE
JURISDICTIONAL LIMITS OF ALL LOWER COURTS WHICH WOULD
OTHERWISE HAVE JURISDICTION, TOGETHER WITH THE COSTS AND
DISBURSEMENTS OF THE WITHIN ACTION;

ON THE THIRD CAUSE OF ACTION IN A SUM WHICH EXCEEDS THE
JURISDICTIONAL LIMITS OF ALL LOWER COURTS WHICH WOULD
OTHERWISE HAVE JURISDICTION, TOGETHER WITH THE COSTS AND
DISBURSEMENTS OF THE WITHIN ACTION;

ON THE FOURTH CAUSE OF ACTION IN A SUM WHICH EXCEEDS THE
JURISDICTIONAL LIMITS OF ALL LOWER COURTS WHICH WOULD
OTHERWISE HAVE JURISDICTION, TOGETHER WITH THE COSTS AND
DISBURSEMENTS OF THE WITHIN ACTION;

ON THE FIFTH CAUSE OF ACTION IN A SUM WHICH EXCEEDS THE
JURISDICTIONAL LIMITS OF ALL LOWER COURTS WHICH WOULD
OTHERWISE HAVE JURISDICTION, TOGETHER WITH THE COSTS AND
DISBURSEMENTS OF THE WITHIN ACTION.

Dated: New York, New York
       February 6, 2014

                                        Yours, etc.

                                        Edward H. Gersowitz
                                        GERSOWITZ LIBO & KOREK, P.C.
                                        Attorneys for Plaintiffs
                                        111 Broadway, 12th Floor
                                        New York, New York 10006
                                        212-385-4410

## Attorney Verification

STATE OF NEW YORK    )
                        ) ss:
COUNTY OF NEW YORK   )

      EDWARD H. GERSOWITZ, being duly sworn, deposes and says:

      That he is a member of Gersowitz Libo & Korek, P.C., attorneys for the Plaintiffs herein.

      That he has read the foregoing COMPLAINT and knows the contents thereof. That the same is true to his own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true.

      Deponent further says that the source of his information and the grounds of his belief as to all the matters herein not stated upon his knowledge are: Correspondence had with the said Plaintiffs and reports of investigation caused to be made by the Plaintiffs which are now in deponent's possession and other pertinent data relating thereto.

      Deponent further says that the reason why this verification is made by deponent and not by the said Plaintiffs is that the said Plaintiffs do not reside in the County of New York, the County wherein deponent has his office.

      I affirm that the foregoing statements are true under the penalty of perjury.

                                           EDWARD H. GERSOWITZ

24

Index No.                                                          Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

SCOTT CANFIELD and CAREN KELLER,

*Plaintiffs,*

-against-

WARNER BROS. ENTERTAINMENT INC. and NEW LINE PRODUCTIONS, INC.,

*Defendants.*

---

## SUMMONS AND VERIFIED COMPLAINT

---

GERSOWITZ LIBO & KOREK, P.C.
*Attorneys for*     Plaintiffs

*Office and Post Office Address-Telephone*
**111 BROADWAY – 12TH FLOOR**
**NEW YORK, N.Y. 10006**
**(212) 385-4410**

---

To

Attorney(s) for

Service of a copy of the within                                          is hereby admitted.
Dated,

Attorney(s) for

---

NOTICE OF ENTRY.                                    NOTICE OR SETTLEMENT

Sir: Please take notice that the within is a *(certified)* true     Sir: Please take notice that an order
copy of a
duly entered in the office of the clerk of the within named     of which the within is a true copy will be presented for
court on                                    20                 settlement to the Hon.

Dated,                                                          one of the judges of the within named Court, at

Yours, etc.,                                  on                         M.
GERSOWITZ LIBO & KOREK, P.C.,                 at
*Attorneys for*                                                Dated,

                                                                      Yours, etc.,
*Office and Post Office Address*                        GERSOWITZ LIBO & KOREK, P.C.
**111 BROADWAY – 12TH FLOOR**               *Attorneys for*
**NEW YORK, N.Y. 10006**
                                                        *Office and Post Office Address*
                                                        **111 BROADWAY – 12TH FLOOR**
To                                                          **NEW YORK, N.Y. 10006**
Attorney(s) for                                           To
                                                              Attorney(s) for

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )

                              : ss:

COUNTY OF NEW YORK   )

       **ILANA GERMAN**, being duly sworn, deposes and says:

       I am not a party to this action, I am over 18 years of age and I reside in Suffolk County, New York.

       On July 18, 2014, I served the within **NOTICE OF REMOVAL via ECF** system upon the following attorneys:

                        GERSOWITZ LIBO & KOREK, P.C.
                        Attorneys for Plaintiffs
                        111 Broadway, 12th Floor
                        New York, New York 10006
                        (212) 385-4410

                                                       **ILANA GERMAN**

Sworn to before me this
18th day of July, 2014

_____
Notary Public

**DEREK L. BARRETT**
**Notary Public, State of New York**
**No. 01BA4949905**
**Qualified in Nassau County**
**Commission Expires June 6, 2015**

7514239-1